HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ADAM NEUWIRTH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY DISTRICT ATTORNEY and DOES 1 through 100<br><br>    Defendants. | CASE NO. 2:16-cv-09069-JAK (GJSx)<br><br>[Assigned to Hon. John A. Kronstadt, Courtroom "10B"]<br><br>*DISCOVERY MATTER*<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER PRECLUDING PLAINTIFF FROM ATTENDING THE DEPOSITIONS OF RAE MATTEY AND DILLON JORDAN**<br><br>Action Filed: 11/7/16<br>Trial Date: 03/6/18 |

TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:

After full consideration of the Amended Stipulation by the parties for a Protective Order filed on June 9, 2017, and FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that:

    1.    Pursuant to *Federal Rules Civil Procedure* 26(c)(1)(E), ADAM NEUWIRTH ("plaintiff") is precluded from being present, in any capacity, at the taking of the depositions of the following third-party individuals:

        a)    Rae Mattey

        b)    Dillon Jordan

2. Good cause exists for the entry of this protective order under *Federal Rules of Civil Procedure* 26(c) which states in pertinent part:

> (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . .The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . .
> (E) designating the persons who may be present while the discovery is conducted; . . . .

3. That the taking of these depositions is likely to implicate privacy protections afforded to the prospective deponents. Specifically, the individuals from whom defendants seek deposition testimony have an interest in being free from annoyance, harassment, or retaliation in relation to their involvement in this case or the underlying criminal matter which is the subject of this case.

4. That the third-parties and the plaintiff have historically been unable to act civilly with respect to one another and that this order is necessary for the comfort of these witnesses and in an effort to obtain candid deposition testimony unaffected by plaintiff's presence.

5. Further that with respect to at least one of the prospective deponents, there is a Domestic Violence Prevention Restraining Order ("Restraining Order") in place against plaintiff which does not expire until the year 2019.

6. That pursuant to the terms of that Restraining Order, plaintiff is not to contact, either directly or indirectly, by any means, the prospective deponent or be in the immediate vicinity of the deponent restricted to the ordered-upon geographic limits.

7. That the other prospective deponent may have had a critical role in securing the Restraining Order, and this individual too should be similarly protected.

8. That permitting plaintiff to attend the aforementioned depositions would violate the Restraining Order and constitute the type of undue burden contemplated by *Rule* 26.

**APPROVED AND SO ORDERED:**

Dated: June 12, 2017  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE